2024R00412/AE/PAL/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Julien Xavier Neals, U.S.D.J. |
| v. | : | Crim. No. 24-481 (JXN) |
| TERESINA DEALMEIDA, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

On or about July 26, 2024, pursuant to a plea agreement with the United States, defendant Teresina DeAlmeida pleaded guilty to an Information, which charged her with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. In the plea agreement, the defendant agreed to forfeit all property, real and personal, that constitutes or is derived from proceeds the defendant obtained directly or indirectly as a result of the offense to which she agreed to plead guilty, the value of which was $450,000. In the plea agreement, the defendant further acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets in an amount not to exceed $450,000 (the "Money Judgment").

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged she understood that the imposition of the Money Judgment is part of the sentence that may be

imposed in this case; waived any failure by the Court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of her assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture.

WHEREAS, the Court having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1.     All property, real and personal, that constitutes or is derived from proceeds the defendant obtained directly or indirectly as a result of the offense to which the defendant has pleaded guilty is forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2.     The defendant having acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds of the offense that were obtained by the defendant, which was $450,000. A money judgment in the amount of $450,000 (the "Money Judgment") is hereby entered against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; 21 U.S.C. § 853(p); and Federal Rule of Criminal Procedure 32.2(b).

3.      All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4.      Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America and deposited in the Assets Forfeiture Fund.

5.      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

6.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made a part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

7.    The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $450,000.

8.    This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated: December 5, 2024

_____
Hon. Julien Xavier Neals
United States District Judge


The undersigned hereby consent to
the form and entry of this Order:

Philip R. Sellinger
United States Attorney


/s/ Carolyn Silane                                    Dated: 12/4/24
_____
By:  Carolyn Silane
     Assistant United States Attorney


_____          Dated: 12/5/24
Mary Toscano, Esq.
Attorney for Defendant Teresina DeAlmeida


_____          Dated: 12/5/24
Teresina DeAlmeida, Defendant